# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| DILLON COPENHAVER and | * | |
| AMANDA COPENHAVER, on | * | No. 13-1002V |
| behalf of their deceased minor child, | * | |
| NICHOLAS COPENHAVER, | * | Special Master Christian J. Moran |
| | * | |
| Petitioners, | * | |
| v. | * | Filed: September 28, 2015 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; interim |
| AND HUMAN SERVICES, | * | award; amount which is not disputed. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioners;
Claudia B. Gangi, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

Dillon and Amanda Copenhaver claim that Nicholas died on July 15, 2013, as the result of alleged injury caused by vaccinations administered to him on July 12, 2013. The Copenhavers seek compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 et seq. (2006). Their case remains pending.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The Copenhavers are now awarded, on interim basis, attorneys' fees and costs in the total amount of **$104,684.98**. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

On September 10, 2015 respondent filed a stipulation of fact concerning attorneys' fees and costs (interim) in the above-captioned matter. Previously, petitioners had filed a motion on August 21, 2015, and later informally submitted a draft application to respondent for review requesting $104,684.98 for attorneys' fees and costs. This amount covers all attorneys' fees and litigation costs for the period of representation through August 20, 2015. Respondent found petitioners' application to be reasonable. The Court awards this amount.

Regardless of whether they are entitled to compensation, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Respondent does not contend that the Copenhavers fail to satisfy this standard. Thus, petitioners are eligible for an award of attorneys' fees and costs.[2]

After a determination that the Copenhavers are eligible for an award of attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the requested amount is reasonable. Therefore, petitioners are awarded the amount to which respondent did not object. This decision awards petitioners all the attorneys' fees and costs through the date of his application.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioners' favor. Those fees and costs are awarded as follows:

> **A lump sum payment of $104,684.98, in the form of a check payable to petitioners and petitioners' counsel of record, Andrew Downing of Van Cott & Talamante, PLLC.**

---

[2] The finding that the petition was supported by good faith and reasonable basis is not intended to suggest whether the Copenhavers are entitled to compensation.

The Clerk shall enter judgment accordingly.³  The court thanks the parties for their cooperative efforts in resolving this matter.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

³ Pursuant to Vaccine rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.