# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DILLON COPENHAVER and              *
AMANDA BUCKMAN, on behalf of       *    No. 13-1002V
their deceased minor child,        *    Special Master Christian J. Moran
NICHOLAS COPENHAVER,               *
                                   *
              Petitioners,         *    Filed: October 31, 2016
                                   *
v.                                 *    Attorneys' fees and costs; motion
                                   *    for review; amount which is not
SECRETARY OF HEALTH                *    disputed.
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

After receiving one award of attorneys' fees and costs on an interim basis and litigating their case through one level of appeal, the petitioners have filed a motion for a final award of attorneys' fees and costs. The Secretary did not oppose the request. The petitioners are awarded the amount to which there is not a dispute.

The initial award of attorneys' fees and costs compensated the petitioners for early activities in this case. On December 19, 2013, the petitioners filed a petition

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.  The petitioners alleged that Nicholas Copenhaver suffered an autoimmune inflammatory event, which resulted in his death.  The petitioners filed medical records, obtained reports from experts, and participated in a hearing.  In August 2015, the petitioners filed a motion for interim attorneys' fees and costs.  In September 2015, the parties stipulated to an amount of $104,684.98 for all attorneys' fees and litigation costs through August 20, 2015.  Respondent did not challenge the petitioners' good faith or reasonable basis, and the petitioners were found eligible for an award of interim attorneys' fees and costs.  See Decision, issued Sept. 28, 2015, 2015 WL 6167524.

Subsequent to the fees award through August 20, 2015, the parties conducted post hearing briefing.  The petitioners were denied compensation.  Decision, May 31, 2016, 2016 WL 3456436.  The petitioners filed a motion for review in June 2016.  The motion for review was denied on October 5, 2016.  Opinion, issued Oct. 20, 2016.

On October 25, 2016, the petitioners filed an unopposed motion for attorneys' fees and costs.  The petitioners request attorneys' fees and costs in the amount of $27,000.00, almost all of which are associated with the motion for review.  In accordance with General Order #9, the petitioners' counsel represents that the petitioners incurred no out-of-pocket expenses.

Even though compensation was denied, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Again, because the petitioners' acted in good faith, and because there was a reasonable basis for proceeding on the motion for review, the petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that the etitioners failed to satisfy these criteria.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of the petitioners' request and the lack of opposition from respondent, the undersigned **GRANTS** the petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $27,000.00.  Of this amount $ 27,000.00 shall be payable as a lump sum in the form of a check**

**jointly payable to the petitioners and the petitioners' counsel Andrew D. Downing.** [2]

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Christian J. Moran**
Christian J. Moran
Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.